## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TORA LAKEITH RUSSELL, | ) | |
| ID # 1632168, | ) | |
|      Petitioner, | ) | |
| vs. | ) | No. 3:14-CV-0646-P (BH) |
| | ) | |
| WILLIAM STEPHENS, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|      Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas petition should be **DENIED** with prejudice.

## I.  BACKGROUND

Tora Lakeith Russell (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID (Respondent).

### A.  Factual and Procedural History

Petitioner challenges his March 2010 conviction for aggravated sexual assault of a child under the age of fourteen in case number F-08-72086-Q in the 204th District Court of Dallas County, Texas. (doc. 3 at 2; CR[1] (doc. 12-2 at 52-53).) He was found guilty and sentenced by the jury to fifty years on March

---

[1]"CR" refers to the Clerk's Record of pleadings and documents filed with the trial court. (doc.12-2.)

11, 2010. Petitioner filed a direct appeal, and the Fifth District Court of Appeals of Texas affirmed his

conviction on February 6, 2012. *Russell v. State*, No. 05-10-00330-CR, slip op. (Tex. App. Dallas 2012,

pet. ref'd). The state appellate court recounted the evidence at trial as follows:

> The complainant in this case was the step-daughter of Edward Richmond, who she often referred to as "Al." Al and [Petitioner] were close friends, and [Petitioner] often spent time with complainant and her family.
>
> Complainant testified that "after my sixth grade, during the summer time, I was going on twelve" Al began sexually abusing her. She said it happened almost every day. She then described an instance when Al made her have sex with him and [Petitioner]. She could not remember the exact date, but thought it was around September or October of 2006 when she was twelve.
>
> She described to the jury how she refused to take her clothes off when Al asked her to so he took them off for her. Both men took off their pants and forced her to perform oral sex on them. Then Al made her bend over, and he proceeded to have vaginal intercourse with her while she continued to perform oral sex on [Petitioner]. [Petitioner] and Al then switched positions, and she testified that [Petitioner] had vaginal intercourse with her.
>
> She said she continued to have sex with [Petitioner] twice a week, but he was not allowed to ejaculate inside of her. Al was the only person allowed to do that. She testified she continued having sex with [Petitioner] through October of her eighth grade year.
>
> In March of 2008, complainant told her mother about the abuse after her mother confronted her about possibly being pregnant. Complainant did not realize she was pregnant until she took a test at Planned Parenthood. She told her mother Al was the father because he was the only one who ejaculated inside of her. FN1 [Complainant's son was born July 19, 2008. DNA tests confirmed Al was the father.] A few days later, she told her mother about [Petitioner] and a third man sexually abusing her.

*Russell v. State*, slip op. at 1-2.

The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on

November 7, 2012. *Russell v. State*, PD- 0211-12 (Tex. Crim. App. 2012).  He filed a state writ

application for writ of habeas corpus that was denied without written order on the findings of the trial court,

2

without a hearing, on January 8, 2014. *Ex parte Russell,* WR-80,638-01, at cover.(doc. 14-12 at 2.)[2]

Petitioner mailed his federal petition for relief under § 2254 on February 11, 2014. (doc. 3 at 10.)

Respondent filed an answer and provided the state court records. (docs. 12-14, 12-15.) Petitioner then

filed a reply. (doc. 17).

## B.  <u>Substantive Issues</u>

Petitioner raises nine grounds for relief in the § 2254 petition and his brief in support:

There was insufficient evidence regarding the date of the offense (Ground 1);

The State violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963), because the State's witness testimony about when the offense occurred was not credible (Ground 2) ;

His right to due process of law was violated because he was denied an examining trial (Ground 3);

"Improper witness statements" were used to obtain the conviction (Ground 4);

The indictment was unconstitutionally vague because it used the language "on or about" to set the date of the offense (Ground 5);

The judgment and sentence are illegal because of an invalid enhancement (Ground 6);

He was subjected to malicious prosecution because he was put through three separate but related jury trials (Ground 7);

He was subjected to prosecutorial misconduct when the prosecution commented on the "on or about" indictment language during closing argument (Ground 8); and

He is actually innocent (Ground 9).[3]

---

[2]The respondent cited to the records associated with the state writ application as "SHCR." The state writ application and associated records were imaged in the docket as number 14-12.

[3]Petitioner included the phrase "actual innocence" within his assertion of ground 1, but the Respondent only addressed the challenge to the sufficiency of the evidence in support of his conviction. (doc. 15 at 2.)  The State also addressed this claim in the state writ application as a challenge to the sufficiency of the evidence. (doc. 14-12 at 99.) Because Petitioner continues claim actual innocence (*see* doc. 17 at 1-6), this claim will be addressed as ground 9.

(doc. 3, at 6-7 and 11-15; doc. 4, at 25-55; doc, 17, at 3.) ).

## II. AEDPA STANDARD

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L.

104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because

Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim —

>> (1) resulted in a decision that was contrary to, or involved an unreasonable
>> application of, clearly established Federal law, as determined by the Supreme
>> Court of the United States; or

>> (2) resulted in a decision that was based on an unreasonable determination
>> of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art

that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller*

*v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.  *Martin*

*v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law

within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by

[the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court

has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.  SUFFICIENCY OF THE EVIDENCE (Ground 1)

In his first ground for relief, Petitioner contends that there is insufficient evidence regarding the date of the offense to support his conviction.

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).

To be sufficient, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). Under *Jackson*, a reviewing court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). The evidence must be viewed "in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict." *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011) (quoting *United States v. Asibor*, 109 F.3d 1023, 1030 (5th Cir. 1997)); *see also Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995) (a federal court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict).

The state appellate court rejected this claim on direct appeal. *Russell v. State,* No.05-10-00330-CR, slip op. (Tex. App.-Dallas 2012, pet. ref'd). Because it issued "the last reasoned opinion" on the matter, its decision should be reviewed to determine whether the denial of this claim was contrary to, or an unreasonable application of, federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The appellate court found:

> In a single issue, [Petitioner] challenges the legal sufficiency of the evidence to support his conviction. He contends the State elected to present as its case-in-chief an event with an impossible time line that is inconsistent with all the credible evidence. The State responds the child victim's testimony alone is sufficient to support [Petitioner]'s conviction, and although the evidence raised a question as to the exact date of the offense, the State was not bound by the offense date alleged in the indictment.

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979). This standard gives full play to the responsibility of the factfinder to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* at 319. An appellate court will not reassess credibility because the factfinder is the sole judge of witness's credibility and the weight to be given the testimony. *Id.*

To obtain a conviction for aggravated sexual assault, the State was required to prove [Petitioner] intentionally or knowingly caused his male sexual organ to penetrate complainant's sexual organ, when complainant was younger than fourteen-years-old. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(I) (West 2011).

The law is clear the State need not allege a specific date in an indictment. *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App.1997). It is well-settled the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Id.* at 256. Further, the date of the crime is not an element of the offense that must be proven. *Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.-Austin 2003, no pet.). Therefore, the May 1, 2007 date in the indictment is to be liberally construed and need not be substantiated. *See, e.g., Saucedo v. State*, 04–02–00864–CR, 2003 WL 22298564, at *4 (Tex. App.-San Antonio Oct. 8, 2003, pet. ref'd) (not designated for publication).

In fact, an indictment that alleges the event occurred "on or about" a particular date serves as notice for the accused to prepare for proof that the incident could have occurred at any time within the statute of limitations period. *Thomas v. State*, 753 S.W.2d 688, 693 (Tex.Crim.App.1988); *see Ketchum v. State*, 199 S.W.3d 581, 589 (Tex. App.-Corpus Christi 2006, pet. ref'd) (noting purpose of providing a date is to show that the prosecution is not barred by the statute of limitations). At the time of the charged offense, the statute of limitations for aggravated sexual assault was ten years from the eighteenth birthday of the victim. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 593, § 1.03, 2007 Tex. Gen. Laws 1120, 1121 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 12.01(1)(B) (West Supp.2011)). At the time of trial, complainant was fifteen years old.

[Petitioner]'s legal sufficiency claim is based exclusively upon his contention that evidence at trial showed the initial act of sexual contact occurred in the summer of 2007, an impossible date because he was in jail from May 7, 2007 to August 20, 2007. While we acknowledge [Petitioner]'s arguments regarding the discrepancies in some of the testimony

about the date of the event in question, the jury heard this testimony and believed the victim. She repeatedly testified the initial contact of vaginal and oral sex occurred in September or October of 2006 when she was twelve years old and in the seventh grade. She acknowledged [Petitioner]'s jail time, but testified she remembered [Petitioner] had sex with her before that time. The evidence showed [Petitioner] was not in jail in September or October of 2006; thus, he was clearly available to commit the act described by complainant. Further, Detective Michael McMurray, the investigating detective, agreed there was time in 2006 when complainant was twelve that [Petitioner] was not in jail and available to commit the sexual abuse.

[Petitioner] has not attacked the sufficiency of the evidence to support any specific element of the offense. Rather, he essentially is challenging the complainant's credibility. The jury determines the credibility of the evidence, not the appellate court. *Id.* The State introduced evidence of the elements of the offense through complainant's testimony. Under Texas law, the uncorroborated testimony of a child victim, standing alone, is sufficient to support a conviction for aggravated sexual assault under section 22.021. *See Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.-Dallas 1994, no pet.). Further, where children are involved, the court of criminal appeals has cautioned that courts cannot impose unrealistic expectations regarding proof of when an offense actually occurred. *See Dixon v. State*, 201 S.W.3d 731, 736 (Tex.Crim.App.2006); *Sledge*, 953 S.W.2d at 256 n. 8. "It is not often that a child knows, even within a few days, the date that she was sexually assaulted. And the younger the child, the greater the possibility" that she will be uncertain about the timing of the offense. *Sledge*, 953 S.W.2d at 256 n. 8. Thus, complainant's testimony alone is sufficient to support [Petitioner]'s conviction. *Id.*

Accordingly, viewing the evidence in the light most favorable to the verdict, the jury heard evidence supporting each element of the offense of aggravated sexual assault of a child under the age of fourteen. The indictment stated the offense occurred "on or about May 1, 2007"; therefore, the State established it occurred before presentment of the indictment and within the statutory limitation period. *See Sledge*, 953 S.W.2d at 256; *see Ketchum*, 199 S.W.3d at 589 (date is not material element of the offense that must be proven in indictment and victim's testimony that assault occurred in 2006 rather than contrary evidence that it occurred in 2007 was sufficient to support conviction). Thus, [Petitioner]'s sole issue is overruled.

*Russell v. State*, slip op. at 2-5.

In this case, the jury was the fact-finder, and it was within its sole province to assess the credibility of the witnesses and resolve any conflicts in the evidence.  *See United States v. Green*, 180 F.3d 216,

220 (5th Cir. 1999); *United States v. Monroe,* 178 F.3d 304, 307 (5th Cir. 1999) ("it is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses") (citing *United States v. Ivey*, 949 F.2d 759, 767 (5th Cir. 1991); *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995) ("It is the jury's 'unique role' to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony")). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994) (citing *United States v. Jones*, 839 F.2d 1041, 1047 (5th Cir. 1998)).

On federal habeas review of a jury verdict in state court, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985).  Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993) (citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)). Any credibility choices and conflicting inferences are resolved in favor of the jury's verdict and do not render the evidence legally insufficient. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (stating that in a legal sufficiency review, all credibility choices and conflicting inferences are to be resolved in favor of the verdict) (citing *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)).

Giving due deference to "the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at Petitioner's trial was enough to support his conviction. *See Jackson*, 443 U.S. at 319. He does not argue, much less establish, that the state appellate court's denial of his insufficiency of

the evidence ground is a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. He has also failed to provide any evidence to overcome the factual determination made by the state court. *See* 28 U.S.C. § 2254(e)(1). He is therefore barred from re-litigating the legal insufficiency claim under 28 U.S.C. § 2254(d), and his first ground must be denied.

## IV. VIOLATION OF BRADY (Ground 2)

In his second ground for relief, Petitioner claims that he was subjected to a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), because the testimony about when the offense took place was not credible. (doc. 3, at 6, 11-12; doc. 4, at 30-34.

In his state application for writ of habeas corpus, Petitioner raised the same issues he raises in his federal petition. (doc.14-12 at 13-26, 39-82.) The trial court made explicit findings on those same eight issues. *Ex parte Russell*, WR 80,636-01, at cover (doc. 14-12 at 99-100.) The Court of Criminal Appeals then denied the state habeas application without a written order on the findings of the trial court. *Ex parte Russell*, WR 80,636-01, at cover (doc. 14-12 at 2.) The fact that it did not separately make explicit findings on every issue does not mean that it "merely arrived at a legal conclusion" unworthy of the presumption of correctness. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (presumption of correctness applies to both explicit findings of fact and implicit unarticulated findings necessary to support a state court's conclusions of mixed law and fact) (citing *Marshall v. Lonberger*, 459 U.S. 422, 433-34 (1983) (applying presumption of correctness to implicit finding regarding defendant's credibility, where such finding was necessarily part of the court's rejection of the defendant's claim)). The denial of Petitioner's state writ application was an adjudication on the merits of all of the remaining claims. See *Singleton v.*

*Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *see also Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits").

The Supreme Court held in *Brady* that the suppression by the prosecution of evidence favorable to an accused after a request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. To establish a *Brady* violation, a petitioner must prove the following elements: (1) the evidence must be favorable to the accused, either because it is exculpatory or because it may be used as impeachment evidence; (2) the evidence must have been suppressed by the state; and (3) prejudice must have ensued. *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

Prejudice results when the suppressed evidence is "material." *Banks,* 540 U.S. at 691 (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)) "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-10 (1978). Instead, the evidence is material if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Miller v. Dretke*, 404 F.3d 908, 913-16 (5th Cir. 2005) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)); *see also Banks*, 540 U.S. at 698-99 (citing *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Bagley*, 473 U.S. at 682. In assessing the materiality of undisclosed impeachment evidence, "we must consider the nature of the

impeachment evidence improperly withheld and the additional evidence of the defendant's guilt independent

of the disputed testimony." *United States v. Weintraub*, 871 F.2d 1257,1262 (5th Cir. 1989).

Moreover, there is no *Brad*y violation if the defendant, using due diligence, could have obtained

the information. *See West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996) ("Evidence is not 'suppressed'

if the defendant either knew, or should have known, of the essential facts permitting him to take advantage

of any exculpatory evidence.") (citing *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir.1994)); *see also*

*Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994) (citing *United States v. Ramirez*, 810 F.2d 1338,

1343 (5th Cir. 1987)).

The state court found that Petitioner's *Brady* claim was based upon the testimony of the

complaining witness and did not amount to a violation. (doc. 14-12 at 99.)  Petitioner has failed to

demonstrate that any evidence was withheld.  He only complains about the credibility of witness testimony.

(doc. 3 at 6, 11-12; doc. 4 at 30-34.)  As the state court found, this is not sufficient to state a *Brady* claim.

(doc. 14-12 at 99.) The state court's decision was reasonable and this ground for relief must be denied.

## V. VIOLATION OF DUE PROCESS (Ground 3)

Petitioner next alleges a violation of his right to due process of law  because he was denied an

examining trial. (doc. 3 at 7, 12; doc. 4 at 35-37.)

As noted, this claim was denied in the state court writ proceeding, and Petitioner has done nothing

more than reiterate the same briefing he presented there. (doc. 14-12, at 62-54; doc. 4, at 35-37.)  This

claim is without merit because "[f]ederal habeas relief cannot be had 'absent the allegation by a petitioner

that he or she has been deprived of some right secured to him or her by the United States Constitution or

the laws of the United States.'" *Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) (citing *Orellana v.*

*Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Petitioner has not demonstrated any state or federal right to an examining trial. (doc. 14-12 at 99.) The state court's denial of relief on this claim was reasonable, and ground 3 for relief must be denied.

## VI.  USE OF IMPROPER WITNESS STATEMENTS (Ground 4)

In his next ground, Petitioner claims that "improper witness statements" were used to obtain the conviction. (doc. 3 at 7, 12-13; doc. 4 at 38-42.) He claims that the trial court erred in allowing the testimony of witnesses who were given plea bargains in exchange for testimony, but then gave inconsistent testimony, and that the jury should have been given information about the bias and prejudice of those witnesses. *Id.*; (doc. 14-12 at 66-68.)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[4] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Malchi,* 211 F.3d at 957. Alleged trial court error under state law "does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). Only those errors that violate "those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which 'define the community's sense of fair play and decency,'" will render a trial fundamentally unfair. *Murray v. Quarterman*, 243 F. App'x 51, 54 (5th Cir. 2007) (quoting *Dowling v. United States,* 493 U.S. 342,

---

[4]Petitioner alleges a violation of his Sixth and Fourteenth Amendment rights of confrontation. (doc. 4 at 38-39.) The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause barred the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable." *Id.* at 53-54. Any confrontation clause claim is without any basis because the witnesses that Petitioner complains of testified at trial and were available for cross examination.

353 (1990)); *see also Menzies v. Procunier*, 743 F.2d 281, 288 (5th Cir. 1984) ("An unfair trial has been characterized as one that has been 'largely robbed of dignity due a rational process'") (quoting *Houston v. Estelle*, 569 F.2d 372, 383 (5th Cir. 1978)).

Moreover, on federal habeas review of state court convictions, a federal harmless error standard applies. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Fry v. Pliler*, 551 U.S. 112, 121-122 (2007) (holding that the *Brecht* standard applies in all § 2254 proceedings). To be actionable, the trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776 (1946)).

In addressing Petitioner's claim that the trial court erred in allowing "improper witness statements," the state court found:

> Again, [Petitioner]'s allegation regards witness credibility. [Petitioner] alleges that two witnesses were given plea bargains in exchange for their testimony against [Petitioner], and that one of the witnesses gave inconsistent testimony. [Petitioner] claims that the testimony was improper, but does not allege what testimony was perjured or bolstered. [Petitioner] has not alleges facts that, if true, would entitle him to relief.

(doc. 14-12 at 99.) Petitioner continues to fail to demonstrate that there was anything improper about the testimony or explain how the trial court erred. His claim is conclusory. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.") (citations omitted).  He has failed to demonstrate any trial court error, much less an error that denied him fundamental fairness.  The state court's denial of relief on this claim was reasonable, and ground 4 for relief must be denied.

## VII.  CONSTITUTIONALITY OF THE INDICTMENT (GROUND 5)

In his fifth ground for relief, Petitioner alleges that the State's indictment was unconstitutionally

14

vague because it used "on or about" to define the date the offense took place.  (doc. 3 at 7, 12-13; doc. 4 at 38-42.)

Where the state courts have held that an indictment is sufficient under state law, a federal court need not address the issue, unless that indictment was insufficient to invoke jurisdiction. *See McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir. 1994) ("sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction") (citation omitted). Under Texas law, all that is required for jurisdiction is the presentment of the indictment to the court. *Id.* at 69 (noting that a defect in substance in an indictment does not deprive a state trial court of jurisdiction) (citing *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983)).  Even failure to include a necessary element of an offense in the indictment does not deprive the court of jurisdiction. *McKay*, 12 F.3d at 69.

The test for resolving the sufficiency of an indictment "involves minimal constitutional standards, not whether a better indictment could have been written." *McKay*, 12 F.3d at 69 (citing *United States v. Chaney*, 964 F.2d 437, 446 (5th Cir. 1992)). To afford notice sufficient to satisfy constitutional requirements, an indictment must include "[t]he essential elements of the offense," but they need not be "expressed in any specific terms." *Id.* (citation omitted). Ultimately, "[a]n indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted." *Id.* (citation omitted).

Here, the Fifth Court of Appeals considered the sufficiency of the indictment in reviewing Petitioner's challenge to the sufficiency of the evidence. *Russell v. State,* slip op. at 3-4. The court of appeals found, in relevant part:

> The law is clear the State need not allege a specific date in an indictment. *Sledge v. State*, 953 S.W. 2d 253, 255 (Tex. Crim. App. 1997). It is well settled the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Id.* at 256. Further, the date of the crime is not an element of the offense that must be proven. *Owens v. State,* 96 S.W. 3d 668, 672 (Tex. App.-Austin 2003, no pet.) Therefore, the May 1, 2007 date in the indictment is to be liberally construed and need not be substantiated. *See, e.g., Saucedo v. State,* 04-02-00864-CR, 2003 WL 22298564, at *4 (Tex. App. - San Antonio Oct. 8, 2003, pet ref'd) (not designated for publication).

*Russell v. State*, slip op. at 4. Petitioner also raised this same claim in his state writ application, and the Texas Court of Criminal Appeals denied it without written order on the findings of the trial court. (Doc. 14-12 at 99.) Those findings were that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment. *Id.*

Because the Texas Court of Criminal Appeals necessarily determined that the indictment did not deprive the trial court of jurisdiction, and the indictment in this case was sufficient under state law, further consideration is foreclosed. *McKay,* 12 F.3d at 68; *see also Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988) ("[i]f the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas proceedings.") (citing *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)). Petitioner also cannot show that the state court's decision was an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see generally Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001) ("the only question for a federal habeas court is whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case'") (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)). Petitioner's fifth ground for relief

is not cognizable upon federal habeas review, and alternatively, he has failed to meet the standards for granting habeas relief under § 2254(d).

## VIII. SENTENCE ENHANCEMENT (Ground 6)

In his sixth ground for relief, Petitioner claims that the judgment and sentence are illegal because of an invalid enhancement. (doc. 3 at 13-14; doc. 4 at 47-49.) He claims that the enhancement was invalid because the prior felony conviction was over ten years old and not proper for enhancement under state law. (doc. 4 at 48. )

The state trial court found that "applicant has not provided any evidence that the enhancement was invalid and has not alleged any facts that, if true, would entitle him to relief." (doc. 14-12 at 100.) As noted, the Texas Court of Criminal Appeals denied the state application on the trial court's findings without a hearing. *Ex parte Russell,* WR-80,638-01, at cover. It is not the function of a federal habeas court to review a state's interpretation of its own law. *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). Federal habeas courts "do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983) (citation omitted); *see also Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure."). Rather, a federal habeas corpus action is only available for the vindication of rights existing under federal law. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *Malchi v. Thaler*, 211 F.3d at 957. Because the state court found that the sentencing enhancement was proper, and Petitioner has made no showing that the determination was unreasonable, ground 6 must be denied.

## IX. MALICIOUS PROSECUTION  (Ground 7)

Petitioner next claims he was subjected to malicious prosecution because he was put through three

separate but related jury trials. (doc. 3, at 14-15; doc.  4, at 49-52.)

The state court found:

> [Petitioner] alleges "malicious prosecution" because there were three separate but related
> jury trials. Originally, [Petitioner] was charged with seven felony offenses that were related
> by a common scheme. [Petitioner] alleges that two cases were with other victims and
> dismissed. [Petitioner] alleges that the two "not guilty" verdicts are evidence of malicious
> prosecution. [Petitioner] has not alleged facts that, if true, would entitle him to relief.

(doc. 14-12 at 100.) Petitioner continues to fail to demonstrate that he was subjected to malicious

prosecution. His claim is conclusory. *See Schlang*, 691 F.2d at 799; *see also Ross*, 694 F.2d 1008, 1011

(5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

Petitioner merely presents the same claim and briefing as during the state writ application proceedings.

(doc. 14-12 at 76-79; doc. 4 at 49-52.) He has made no claim that the state court's resolution of this claim

was unreasonable under the standards of § 2254(d).   The state court's denial was reasonable, and ground

7 must be denied.

## X. PROSECUTORIAL MISCONDUCT (Ground 8)

In ground 8, Petitioner alleges prosecutorial misconduct because the prosecution commented on

the "on or about" language in the indictment during the closing argument. (doc. 3, at 15; doc. 4, at 53-55.)

Under Texas law, a proper jury argument includes (1) summation of the evidence presented at trial;

(2) reasonable deductions drawn from that evidence (3) response to opposing counsel's argument; and (4)

pleas for law enforcement.  *See Cobble v. State*, 871 S.W. 2d 192, 204 (Tex. Crim. App. 1993).  In

habeas corpus proceedings, allegedly improper statements are reviewed to determine whether they "'so

infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process.'" *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5 Cir. 1996) (internal quotation omitted). The alleged conduct must render the trial fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) ("The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process") (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). "Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or . . . the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008) (quoting *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002)).

In this case, the state courts found that the "on or about" language in the indictment was proper. *Russell v. State*, slip op. at 3-4; (doc. 14-12, at 99.) The state habeas court found that Petitioner had not alleged facts, which if true, would entitle him to relief. (doc. 14-12 at 100.) Petitioner makes no argument that the decision of the state court was unreasonable under the standards of § 2254 (d). This decision was reasonable, and ground 8 must be denied.

## XI.  ACTUAL INNOCENCE (Ground 9)

Petitioner claims he is actually innocent. (doc. 3 at 6; doc. 17 at 3-4.)

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that a claim of actual innocence based on newly-discovered evidence does not and has never been a basis for federal habeas relief absent an independent constitutional violation in the state proceeding. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the

Constitution-- not to correct errors of fact." *Id.* (citations omitted).  The Court assumed for the sake of argument that in a capital case, a "truly persuasive" showing of actual innocence would render the execution of an individual unconstitutional and warrant federal habeas relief if no state avenue existed to entertain the claim. It stated that the threshold showing for such an "assumed right" would be "extraordinarily high." *Id.* at 417. The Court then concluded that conflicting affidavits, submitted eight years after a trial, when considered in light of the strong evidence presented at trial supporting guilt, did not meet this threshold. *Id.* at 417–18.

The Fifth Circuit has specifically rejected the theory that a showing of actual innocence would warrant habeas relief if there were no state avenue open to process such a claim. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citation omitted).  Moreover, the State of Texas does have an avenue in which to pursue actual innocence claims. *In State ex. rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 398–99 (Tex.Crim.App.1994), the Texas Court of Criminal Appeals held that actual innocence could be a basis for state habeas relief where a petitioner establishes as a threshold that the newly discovered evidence, if true, creates a doubt as to the efficacy of the verdict sufficient to undermine confidence in the verdict.  Subsequently, in *Ex parte Elizondo*, 947 S.W.2d 202, 208–09 (Tex.Crim.App.1996), the court held that in order for a petitioner to prevail on an actual innocence claim, he must show by *clear and convincing evidence* that no reasonable juror would have convicted him in light of the new evidence.  *Id.* at 209 (emphasis in original).

Even if federal habeas relief were available on the basis of a stand-alone actual innocence claim, Petitioner would not be entitled to relief.  He has failed to offer "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was

20

not presented at trial" to support his claim that he is actually innocent. (doc. 3 at 6; doc 4 at 25-30; doc.

17, at 3-4.) Since Petitioner does not present any new reliable evidence, any claim that he is actually

innocent of the offense is not cognizable and must be denied.

## X.  RECOMMENDATION

The petition for habeas corpus relief under § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 6th day of August, 2015.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE