**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| TORA LAKEITH RUSSELL,           ) | |
| ID # 1632168,                             ) | |
|     Petitioner,                 ) | |
| vs.                                               ) | No. 3:14-CV-0646-P (BH) |
|                                                  ) | |
| WILLIAM STEPHENS, Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal    ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent.             ) | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.  For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, by separate judgment, the petition for habeas corpus will be **DENIED** with prejudice.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the petitioner is **DENIED** a Certificate of Appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

If the petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SIGNED this 11th day of September, 2015.**

*/s/ Jorge A. Solis*
**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.