IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TORA LAKEITH RUSSELL,  )<br>ID # 1632168,                              )<br>           Petitioner,             )<br>vs.                                         )<br>                                              )<br>WILLIAM STEPHENS, Director,   )<br>Texas Department of Criminal    )<br>Justice, Correctional Institutions Division,  )<br>           Respondent.            ) | No. 3:14-CV-0646-P-BH |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion to Move for Ruling and to Set Aside Final Judgment,* received on September 22, 2015 (doc. 32), and a *Motion FRCP 60(b) Relief from Judgment*, received on September 24, 2015 (doc. 33). Based on the relevant filings, evidence and applicable law, the motions should be **DENIED.**

**I. BACKGROUND**

On February 19, 2014, Tora Lakeith Russell (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction. (*See* doc. 3.) The petition was denied with prejudice by order and judgment dated September 11, 2015. (*See* docs. 23, 127, 128.) Petitioner now seeks relief from judgment. (*See* docs. 32, 33.)

**II. MOTION TO MOVE FOR RULING**

In his motion for ruling, Petitioner contends that his motions for an evidentiary hearing and for discovery (docs. 29, 30), should be considered because he placed them in the prison mail before entry of judgment. The motions were considered and denied on the merits by order dated on September 14, 2015. (*See* doc. 31.) To the extent Petitioner's motion may be liberally construed

as an objection to the denial of his motions, the objection should be overruled for the same reasons set forth in the order of September 14, 2015. After consideration of his objections to the recommended dismissal of his petition (doc. 25), the recommendation was adopted, and the petition was denied with prejudice (docs. 27, 28). Petitioner has not shown that an evidentiary hearing is warranted or good cause to allow discovery.

### III.  RULE 60(b)

Petitioner's motion for relief from judgment specifically invokes Rule 60(b). (*See* doc. 33.)

Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). "A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Records, Inc.*, 774 F.3d. 859, 869 (5th Cir. 2014) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (emphasis, internal quotation and citation omitted).

Here, Petitioner alleges that he seeks relief from judgment "to prevent a grave miscarriage of justice. Due to a grossly unfair outcome in a judicial proceeding, as when a defendant is convicted despite a lack of evidence on essential elements of the crime." (doc. 33 at 1.) He provides no

2

evidence, much less clear and convincing evidence, for any new grounds to support relief under Rule 60(b)(3). Petitioner has not alleged mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle him to relief under Rule 60(b)(1)-(5). His motion may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth factors to consider when evaluating a motion under this clause: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Petitioner has not met these standards. While he disagrees with the decision made in his case, he was given a fair opportunity to present all of his claims. He has not shown that he is entitled to relief from the judgment in this case, and his motion for relief from judgment under Rule 60(b) should be denied.

3

## IV. RECOMMENDATION

Petitioner's motions should be **DENIED.**

**SIGNED this 28th day of September, 2015.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE